MEXICAN PETROLEUM CORPORATION *vs.* PHILLIPS WIRE CO.

JUNE 26, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) . Contracts. Construction.·*

A contract for the delivery of oil provided that, the quantity to be delivered should be sufficient to operate a designated power plant; and that the requirements of the purchaser were approximately 3,000 barrels per month, "but this statement is not to be taken as a warranty in respect to the purchaser's fuel requirements. The amounts so designated shall be deemed the approximate monthly requirements of said purchaser for each calendar month until the purchaser shall notify the seller as to any change . . . at least ten days prior to the beginning of the calendar month in which such

change is to take effect. The seller shall not be called upon to increase its deliveries in any one month by more than 10 per cent of the amount above estimated to be the purchaser's monthly requirements."

*Held*, that by the agreement the purchaser reserved the right to increase or decrease the amount of 3,000 barrels per month, upon proper notice, but any increase over the amount of 3,000 barrels, was limited to ten per cent of such amount.

ASSUMPSIT. Heard on exception of defendant and overruled.

SWEETLAND, C. J. This is an action on the case in assumpsit to recover a portion of the market price for fuel oil delivered by the plaintiff to the defendant between December 1, 1921, and August 13, 1922. The case was tried before a justice of the Superior Court sitting without a jury and resulted in a decision for the plaintiff for the full amount of its claim. The case is before us upon exception to the decision of said justice.

The questions in the case involve the construction of certain provisions of a contract between the parties. Said contract was dated August 29, 1919, and calls for monthly deliveries of fuel oil until October 31, 1924, at a fixed price. During this period, upon the request of the defendant, the plaintiff delivered to it oil which the plaintiff claims was in excess of the amount which plaintiff had obligated itself to deliver under the contract; and for such excess the plaintiff seeks to recover the market price and not the price fixed by the contract. Defendant contends that the quantity of oil delivered did not exceed the amount which it was entitled to demand and receive under the contract. The provisions of the contract in regard to the construction of which dispute has arisen between the parties is as follows:

"1. Quantity. The quantity of petroleum to be purchased and delivered hereunder shall be a sufficient quantity to operate eight 318 H. P. Vertical Boilers of an aggregate of 2,544 Boiler Horse Power of the aforesaid Power Plant of the Purchaser, and three heat treating furnaces.

"For the information of the Seller, the Purchaser states that its requirements are approximately 3,000 barrels per month, but this statement is not to be taken as a warranty in respect to the Purchaser's fuel requirements. The amounts so designated shall be deemed the approximate monthly requirements of said Purchaser for each calendar month until the Purchaser shall notify the Seller as to any change, and such notice must be served upon the Seller at least ten (10) days prior to the beginning of the calendar month in which such change in requirements is to take effect. The Seller shall not be called upon to increase its deliveries in any one month by more than 10 per cent. of the amount above estimated to be the Purchaser's monthly requirements."

The defendant contends that the amount to be delivered is controlled entirely by the first paragraph of this clause and is to be any quantity which the defendant shall require to operate its eight boilers and three heat treating furnaces. The plaintiff claims that the maximum amount which in any event it can be required to deliver in any month under the contract is 3,300 barrels. The justice adopted the construction contended for by the plaintiff. We are of the opinion that in this he was clearly right. That is the reasonable and natural interpretation to place upon the intention of the parties as expressed in the clause as a whole. As pointed out by said justice in his rescript, the first paragraph is extremely indefinite as to the quantity to be delivered. The amount would vary within a wide range, depending upon the manner of the defendant's operation of its boilers and furnaces, which might be in accordance with conditions as they existed at the time of making the contract, or for operation during the day merely, or for continuous operation during both night and day. It is apparent that the language of this paragraph was not considered by the parties as furnishing a positive and controlling guide to the intention of the parties regarding the quantity of oil to be delivered. For the information of the plaintiff, in the

second paragraph of the clause the defendant states its requirements to be approximately 3,000 barrels per month, but will not warrant that amount as its requirement. The defendant reserves the right to increase or decrease that amount for any calendar month by giving to the plaintiff notice of a change in requirement ten days prior to the beginning of the calendar month in which a change in requirement is to take effect. In order that the limit of the plaintiff's obligation to deliver may be fixed the parties insert the final sentence of the paragraph. It is not reasonable to consider this sentence as intending to provide for monthly deliveries in accordance with an arithmetical progression having a constant difference of 300 barrels. Although the defendant suggests that as a possible interpretation of this sentence, it does not urge it. A fair construction of the sentence is, that it was intended as a limitation of the plaintiff's obligation to increase its deliveries in any month beyond the estimated requirement of 3,000 barrels by more than ten per cent of such requirement.

The defendant's exception is overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*Hinckley, Allen, Tillinghast & Phillips. Arthur L. Allen, Hayward T. Parsons,* for plaintiff.

*Tillinghast & Collins. Harold B. Tanner,* for defendant.

